UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

LOUIS PERRERO

    Plaintiff,

v.

SPECTACOR MANAGEMENT GROUP, Inc.
a/k/a SMG, Inc., a foreign corporation,

    Defendant.

_____/

CASE NUMBER 06-20416

CIV-LENARD / KLEIN

## VERIFIED COMPLAINT

COMES NOW the Plaintiff, LOUIS PERRERO (hereafter also referred to as "LP"), by and through his undersigned attorney, and files his VERIFIED COMPLAINT against SPECTACOR MANAGEMENT GROUP, Inc.a/k/a SMG, Inc., a foreign corporation, (hereafter referred to as "SMG") alleging:

### FACTUAL STATEMENT APPLICABLE TO ALL COUNTS AND REQUEST FOR JURY TRIAL

1. At all times relevant Plaintiff, LOUIS PERRERO, was and is a citizen of the United States and the State of Florida, and resides in Miami-Dade County.

2. At the time of LOUIS PERRERO's employment at SMG, records relevant to the unlawful practices alleged herein were maintained or administered in Miami-Dade County, Florida, a the location of SMG's business employing in excess of 20 employees.

3. At all times relevant, Defendant SMG was and is a Pennsylvania Corporation that owned and operated a business with a business location in Miami-Dade County, Florida and is

1



authorized to do business within the jurisdiction of this Court.

4. LOUIS PERRERO at the age of 28 (twenty-eight) was employed by the City of Miami Beach as a carpenter; just before becoming an SMG employee LOUIS PERRERO had worked his way up to the title of "maintenance mechanic."

5. SMG took over operation of the Miami Beach Convention Center (hereafter referred to as the "MBCC") on January 1, 1992; at that time LOUIS PERRERO was 48 (fourty-eight) years old. SMG made verbal representations to the City Miami Beach Commission that upon taking over the MBCC it would continue the employment of the city's employees then employed by the city to maintain the MBCC, to provide taining, and a career path. SMG changed LOUIS PERRERO's title of locksmith.

6. LOUIS PERRERO continued to work for SMG as a carpentry work and locksmith duties from 1992 until he was also given the additional duties of "painter" Jaunary 31, 2001.

7. From 2000 until the date of his discharge on August 3, 2005, LOUIS PERRERO faithfully performed his duties as assigned by SMG.

8. On or about May of 2003 LOUIS PERRERO first complained he was being discriminated against based on his age because the other younger Hispanic and non- white employees were being trained on how to operate the "Roland" graphics printer. Because of the unresponsiveness of management, LOUIS PERRERO filed a complaint with the EEOC on June 6, 2003; the EEOC found that SMG discriminated against LOUIS PERRERO based on his age and ordered SMG to provide LOUIS PERRERO with this training. The training was completed December 1, 2003 in compliance with the EEOC's ruling.

9. Since December 2003 only one person, a non-white employee less than 40 years old, was

assigned all of the graphic painting duties; many times this allowed overtime pay. At no time was LOUIS PERRERO assigned any duties to operate this machinery after he was trained.

10. In January of 2004 SMG conducted training concerning sexual harassment was and how to improve customer service; at no time did SMG provide training concerning race discrimination, age discrimination, and what types of conduct constituted retaliation against employees complaining of such illegal actions nor what constituted a hostile work environment caused by discrimination. Due to the lack of policy information and training by SMG, while LOUIS PERRERO knew he had the right to complain about discrimination based on his age, he was unaware that a white, American, male could complain about race and national origin discrimination.

11. SMG also ceased to provide LOUIS PERRERO with overtime assignments in 2004 and 2005 between LOUIS PERRERO and its non-white and Hispanic labor employees. Pursuant to SMG policies, LOUIS PERRERO complained to his supervisors; however, similar to their actions in 2003, SMG and its managers refused to apportion the overtime.

12. After his complaints, instead of equitably partitioning the overtime among all of the SMG employees, on or about June 3, 2005, SMG offered LOUIS PERRERO six months' pay and all of his vacation time to be paid in one lump sum if LOUIS PERRERO would retire early. LOUIS PERRERO accepted the offer; however, SMG in refused to pay. In so doing, SMG continued to carry on its discriminatory practices against LOUIS PERRERO based on his age and race or national origin.

13. LOUIS PERRERO has been required to retain counsel and to pay reasonable attorney's fees and costs to pursue this litigation.

14. When LOUIS PERRERO was terminated, SMG's reason for taking this action was described by SMG as "misconduct;" a thirty-four year old Hispanic co-employee complained LOUIS PERRERO was "harassing" him. At no time were there any affidavits nor reports made by SMG or any of its other employees to the local police authorities.

15. At the time of LOUIS PERRERO 's termination, the charges that LOUIS PERRERO harassed or used any intimidating speech were known to be false to SMG. SMG defamed and slandered the good name of LOUIS PERRERO by publishing false statements that LOUIS PERRERO had threatened to "...convert the MBCC to a parking lot by an act of terrorism." SMG made this statement in its EEOC position letter and before the Florida Unemployment officer trying to defeat LOUIS PERRERO 's claims of discrimination and application for unemployment benefits; this statement was known to be false at the time it was published and was made with the sole purpose to injure and defame LOUIS PERRERO.

16. The Unemployment hearing officer concluded that SMG's allegations and defamatory speech concerning LOUIS PERRERO were indeed untrue; a copy of the final ruling is attache as Exhibit A. LOUIS PERRERO was awarded unemployment benefits.

17. LOUIS PERRERO was replaced by an employee in his 30's.

18. LOUIS PERRERO filed a claim for age discrimination under the Age Discrimination in Employment Act of 1967, as amended and the Americans With Disabilities Act with the U.S. Equal Employment Opportunity Commission on or about August 10, 2005, which resulted in the issuance of a right to sue letter dated November 23, 2005 allowing suit to be filed within ninety (90) days. The right to sue letter is attached as Exhibit B.

19. Plaintiff requests trial by jury of all issues so triable.

I, LOUIS PERRERO, do hereby testify, under oath, that the above facts are within my personal knowledge and that they are true. *[signature]*

LOUIS PERRERO

## COUNT I
## CLAIM UNDER ADEA
## FOR DISCRIMINATION BASED ON AGE

20. The factual allegations in paragraphs 1 though 19 of this Complaint are hereby incorporated by reference.

21. Jurisdiction of this Court is invoked pursuant to 42 USC §2000e-5(f) and 28 USC §1343(4).. Declaratory relief is sought under 28 USC §§2201 and 2202. The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by 29 U.S.C. §§ 621, 623, 626, 630, and 631 providing for civil remedies against age discrimination in employment.

22. This action properly lies in the Southern District of Florida, pursuant to 29 U.S.C. §1391(b), because the claim arose in this judicial district, and pursuant to 42 U.S.C. §2000e-5(f), because the unlawful employment practice was committed in this judicial district.

23. All conditions precedent to jurisdiction under 42 USC §2000e-5(f)(3) have occurred or been complied with, to wit: A charge of employment discrimination was filed with the Equal Employment Opportunity Commission within 300 days of the commission of the unfair employment practice; a Right to Sue was issued from the Equal Employment Opportunity Commission. The EEOC Charge in this action was timely filed.

**WHEREFORE**, Plaintiff prays this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, cause this case to be in every way expedited, and on such

5

hearing to this Court, that it:

    A.    Award damages for all special and general damages caused by the discriminatory actions of SMG;

    B.    Award punitive damages in an amount that will reasonably deter SMG from discriminating in violation of the Civil Rights of its employees;

    C.    Order front pay and benefits for the period remaining until plaintiff regains the benefits he has lost;

    F.    Award Plaintiff the costs incurred for bringing this action, including reasonable attorney's fees in accordance with 42 USCS §§ 1988, 2000e-5(k), and 29 U.S.C. §§ 621, 623, 626 ; and

    G.    Grant such other relief as may be just and proper.

## COUNT II
## BREACH OF CONTRACT

24. The allegations in paragraphs 1 through 19 are hereby re-alleged and incorporated by reference.

25. SMG by refusing to honor its offer of six months' salary plus pay for all unused vacation (i.e., 40 days) breached its offer which was timely accepted by LOUIS PERRERO .

26. LOUIS PERRERO has been damaged to the extent of the benefit of this offer plus the attorneys' fees and costs expended to enforce its terms.

**WHEREFORE**, Plaintiff prays this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, cause this case to be in every way expedited, and on such hearing to this Court, that it:

A.  Award damages for all special damages caused by the breach of contract;

B.  Award Plaintiff the costs incurred for bringing this action, including expert witness fees; and

C.  Grant such other relief as may be just and proper.

## COUNT III
## CLAIM FOR DEFAMATION

27. The factual allegations in paragraphs 1 through 19 are hereby incorporated by reference.

28. Defendant knowingly falsely accused Plaintiff of terrorism as a pretext to retaliate against him for complaining of what he thought to be age discrimination; the Defendant knew, or if acting in good faith would have known, that Defendant did not make the alleged statements.

29. The Defendant, intentionally, in bad faith, and with the motive to damage the Plaintiff published the false statement that Plaintiff had committed an act of terrorism.

30. As a result of this false publication, Plaintiff has been unable to procure employment, had unreasonable difficulties in obtaining unemployment benefits, and continues to suffer humiliation, pain, loss of enjoyment of life, inconvenience, financial hardship, and other general damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for compensatory damages in the form of damages for economic losses, general damages for pain and suffering as alleged above, and punitive damages to the full extent as allowed by law plus reasonable costs and attorneys fees.

## COUNT IV
## CLAIM FOR SECTION 1981 DISCRIMINATION
## BASED ON RACE AND NATIONAL ORIGIN

31. The factual allegations in paragraphs 1 through 19 are hereby incorporated by reference.

32. This is a suit in equity authorized and instituted pursuant to the Civil Rights Act of 1991, 42 U.S.C. § 1981 and § 1981a.

33. Jurisdiction of this Court is invoked pursuant to 28 USC §1343(4).

34. This action properly lies in the Southern District of Florida, pursuant to 29 U.S.C. § 139(b), because the claim arose in this judicial district.

35. All conditions precedent to jurisdiction have occurred or been complied with, to wit: the actions complained of occurred within four years of the filing of this suit. Compensatory and punitive damages are sought pursuant to 42 U.S.C. §1981 and § 1981a.

36. SMG has violated 42 U.S.C. §1981 because LOUIS PERRERO's race and national origin was a motivating factor and made a difference in SMG's decision to deny equal employment privileges, discipline, and the ultimate discharge of LOUIS PERRERO.

37. LOUIS PERRERO has suffered and is now suffering and will continue to suffer emotional pain, suffering, mental anguish, loss of enjoyment of life and other non-pecuniary losses as a direct result of SMG's discrimination and retaliatory conduct.

38. SMG engaged in discrimination against LOUIS PERRERO with malice or reckless indifference to LOUIS PERRERO's rights under 42 U.S.C. §1981 and discharged him under false pretexts.

**WHEREFORE**, Plaintiff prays this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, cause this case to be in every way expedited, and on such hearing to this Court, that it:

1. Declare the conduct engaged in by SMG to be in violation of Plaintiff's rights;

2. Award damages for all special and general damages caused by the discriminatory conduct of SMG;

3. Award punitive damages in an amount that will reasonably deter SMG from discriminating in violation of the Civil Rights of its employees;

4. Order front pay and benefits for the period remaining until normal retirement;

5. Award Plaintiff the costs incurred for bringing this action, including reasonable attorney's fees in accordance with 42 USCS § §1988, and

6. Grant such other relief as may be just and proper.

## COUNT V
## CLAIM FOR HOSTILE WORK ENVIRONMENT

39. The allegations in paragraphs 1 through 19 are incorporated herein by reference.

40. LOUIS PERRERO was treated differently than other employees of SMG in that he was, among other instances, subjected to constant and pervasive discriminatory conduct based on his race and age. SMG failed to take action to promote discipline in the work environment of the Plaintiff to cause this to cease

41. As a result of exposure to this hostile work environment LOUIS PERRERO has suffered special damages, loss of employment benefits, and general damages including pain and suffering, humiliation, and inconvenience.

**WHEREFORE**, Plaintiff prays this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, cause this case to be in every way expedited, and on such hearing to this Court, that it:

1. Declare the conduct engaged in by SMG to be in violation of Plaintiff's rights;

2. Award damages for all special and general damages caused by the discriminatory ction of SMG;

3. Award punitive damages in an amount that will reasonably deter SMG from discriminating in violation of the Civil Rights of its employees;

4. Order front pay and benefits for the period remaining until normal retirement;

5. Award Plaintiff the costs incurred for bringing this action, including reasonable attorney's fees in accordance with 42 USCS § §1988, 2000e-5(k); and

6. Grant such other relief as may be just and proper.

## COUNT VI
## CLAIM FOR RETALIATORY CONDUCT

42. The allegations in paragraphs 1 through 19 are incorporated herein by reference.

43. LOUIS PERRERO had a reasonable good faith belief that he was being discriminated against based on his race. LOUIS PERRERO complained to SMG and gave SMG notice of the illegal, discriminatory conduct by JOE HERRERA, ANGELO GRANDY, ANGEL GALLIE, RICARDO ARTALEJO, and STEVE CLARK. SMG failed to undertake a course of action to discourage, prevent, or sanction the discriminatory and retaliatory conduct against the Plaintiff. As a result of Plaintiff's complaints of the illegal, discriminatory conduct, SMG caused and fostered a hostile work environment against the Plaintiff causing Plaintiff to lose pay, benefits, undergo pain and suffering, and other special and general damages. SMG ultimately caused the discharge of the LOUIS PERRERO in retaliation for LOUIS PERRERO's exercise of his right to complain against discriminatory actions against him in

his workplace.

**WHEREFORE**, Plaintiff prays this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, cause this case to be in every way expedited, and on such hearing to this Court, that it:

1. Declare the conduct engaged in by SMG to be in violation of Plaintiff's rights;

2. Award damages for all special and general damages caused by the discriminatory action of SMG;

3. Award punitive damages in an amount that will reasonably deter SMG from discriminating in violation of the Civil Rights of its employees;

4. Order front pay and benefits for the period remaining until normal retirement;

5. Award Plaintiff the costs incurred for bringing this action, including reasonable ttorney's fees in accordance with 42 USCS § §1988, 2000e-5(k); and

6. Grant such other relief as may be just and proper.

**DATED** this 17th day of February, 2006.

        SOLMS & ASSOCIATES, LLC
        ONE DATRAN CENTER, Suite 1602
        9100 South Dadeland Boulevard
        Miami, Florida, 33156
        Telephone: (305) 670-0002
        Fax: (305) 670-7577

        By: _____
           WILLIAM O. SOLMS, JR., ESQ.
           Florida Bar No. 185970

AGENCY FOR WORKFORCE INNOVATION
Office of Appeals
ROHDE BUILDING ROOM N-314
401 NW SECOND AVENUE
MIAMI FL 33128-1706

**IMPORTANT:** Have this translated immediately - limited time to appeal
**IMPORTANTE:** ¡Tenga esto traducido inmediatamente - tiempo limitado para apelar!
**EMPOTAN:** Tradui sa-a tou suit - tan limité poufé appeal la!

SSN: 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

Docket No. **2005-58802U**                    Jurisdiction: §443.151(4)(a)&(b) Florida Statutes

**CLAIMANT/Appellant**                         **Account No.: 1268718**
                                               **EMPLOYER/Appellee**

LOUIS R PERRERO                                SPECTACOR MANAGEMENT GROUP
6510 SW 144 ST                                 MIAMI BEACH CONVENTION CTR %ADP-
CORAL GABLES FL 33158                          THE FRICK
                                               P O BOX 66744
                                               SAINT LOUIS MO 63166-6744

APPEARANCES:  CLAIMANT                                           LOCAL OFFICE #: 3680-0

## DECISION OF APPEALS REFEREE

**IMPORTANT - APPEAL RIGHTS:** This decision will become final unless a written request for review or reopening is filed within 20 calendar days after the mailing date shown. If the 20th day is a Saturday, Sunday or holiday defined in F.A.C. 60BB-6.004, filing may be made on the next day that is not a Saturday, Sunday or holiday. If this decision disqualifies and/or holds the claimant ineligible for benefits already received, the claimant will be required to repay those benefits. The specific amount of any overpayment will be calculated by the Agency and set forth in a separate overpayment determination. However, the time to request review of this decision is as shown above and is not stopped, delayed or extended by any other determination, decision or order.

A party who did not attend the hearing for good cause may request reopening, including the reason for not attending, at **www.fluidnow.com/appeals** or by writing to the address at the top of this decision. The date the confirmation number is generated will be the filing date of a request for reopening on the Appeals Web Site.

A party who attended the hearing and received an adverse decision may file a request for review to the **Unemployment Appeals Commission; 300 Webster Building; 2671 Executive Center Circle West; Tallahassee, Florida 32399-0681 (Fax: 850-488-2123).** If mailed, the postmark date will be the filing date. If faxed, hand-delivered, or delivered by courier service other than the United States Postal Service, the date of receipt will be the filing date. To avoid delay, include the docket number and claimant's social security number. A party requesting review should specify any and all allegations of error with respect to the referee's decision, and provide factual and/or legal support for these challenges. Allegations of error not specifically set forth in the request for review may be considered waived.

**Issues Involved:**  SEPARATION: Whether the claimant was discharged for misconduct connected with work or voluntarily left work without good cause as defined in the statute, pursuant to Sections 443.101(1), (9), (10), (11); 443.036(29), Florida Statutes; Rule 60BB-3.020, Florida Administrative Code.

CHARGES TO EMPLOYMENT RECORD: Whether benefit payments made to the claimant shall be charged to the employment record of the employer, pursuant to Sections 443.101(9); 443.131(3)(a), Florida Statutes; Rules 60BB-2.026, 3.018, Florida Administrative Code.(If employer charges are not at issue on the current claim, the hearing may determine charges on a subsequent claim.)

**Findings of Fact:** The claimant became employed by the employer, an entertainment and convention center complex, in March 1972. The claimant worked mainly as a carpenter and a lock smith. At the time of his separation, the claimant worked full time and earned $23.33 an hour. Since 2001, the claimant has taken medication for depression. The claimant filed a grievance against the employer because he was not receiving the same amount of overtime pay that a coworker was receiving. The claimant was allegedly harassing the coworker and allegedly stated the he would blow up the convention center. The claimant did not harass the coworker and did not say he would blow up the convention center. The claimant was terminated on August 5, 2005, for allegedly harassing the coworker and allegedly stating that he would blow up the convention center. The claimant was terminated before his grievance was settled.

**Conclusions of Law:** The law provides that a claimant who was discharged for misconduct connected with the work shall be disqualified from receiving benefits. "Misconduct connected with work" means conduct evincing such willful or wanton disregard of an employing unit's interests as is found in deliberate violation or disregard of standards of behavior which the employing unit has a right to expect of its worker; or carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design, or to show an intentional and substantial disregard of the employing unit's interests or of the worker's duties and obligations to the employing unit.

The record shows that the claimant was discharged on August 5, 2005, for allegedly harassing a fellow worker and stating he would blow up the convention center. In cases of discharge, the employer has the burden of proof to show, by a preponderance of competent substantial evidence, that the claimant was discharged for misconduct connected with the work. That degree of evidence needed is not present in this case. The employer has not provided competent evidence that demonstrates that the claimant engaged in misconduct so as to disqualify him from unemployment benefits. Accordingly, it is held that the claimant was discharged for reasons other than misconduct.

The law provides that an employer's record shall be relieved of benefit charges when it is shown that the claimant was discharged for misconduct connected with the work.

Since the claimant was discharged for reasons other than misconduct, the employer's account shall be charged with benefits paid.

**Decision:** The determination of the claims adjudicator dated September 29, 2005, which disqualified the claimant for the weeks ending August 13, 2005, through September 17, 2005, until he earns $4,675, and non charged the employer's account, because the discharge was for misconduct connected with the work, is REVERSED. The employer's account shall be charged with benefits paid.

| | |
|---|---|
| This is to certify that a copy of the above decision was mailed to the last known address of each interested party on November 17, 2005. | JOSEPH PEREA<br>Appeals Referee |

By: *Jacqueline Guertler*
JACQUELINE GUERTLER, Deputy Clerk

Any questions related to benefits or claim certifications should be referred to the Claims Information Center at (850) 921-3478(866) 778-7356.

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Mr. Louis R. Perrero<br>6510 S.W. 144th Street<br>Miami, FL 33158 | From: | Miami District Office<br>2 South Biscayne Blvd<br>Suite 2700<br>Miami, FL 33131 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 150-2005-03761 | Linda Byars, Investigator | (305) 530-6040 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____
For Federico Costales,
District Director

NOV 2 3 2005
*(Date Mailed)*

Enclosure(s)

cc: Christine Kobeski
    Human Resources Manager
    SMG
    701 Market Street
    4th Floor
    Philadelphia, PA 19106

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

06-20416
CIV-LENARD

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
LOUIS PERRERO

**DEFENDANTS**
SPECTACOR MANAGEMENT GROUP, INC a/k/a SMG, INC, a foreign corporation

KLEIN

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Date 06-20416-CV-Lenard/Klein

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
William J. Sohn, Jr.
9100 S. Dadeland Blvd. #1602
Miami, FL 33156 - (305)670-0002

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** (DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | B☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 USC §621 et seq (ADEA) and 42 USC §1981.

**LENGTH OF TRIAL**
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) (See instructions):**
IF ANY          JUDGE _____          DOCKET NUMBER _____

**DATE** 2/17/06

**SIGNATURE OF ATTORNEY OF RECORD**

FOR OFFICE USE ONLY
RECEIPT # 935222  AMOUNT $250.00  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

02/21/06